*817 OPINION

Per Curiam:

This original petition for a writ of mandamus or prohibition challenges a district court order granting the State’s motion to unseal Sam Walker’s criminal records for the purpose of inspection pursuant to NRS 179.295. Because Walker’s petition involves an important issue of law that we should clarify, the interpretation of NRS 179.295, and because Walker has demonstrated that the district court manifestly abused its discretion in granting the State’s motion, we grant Walker’s petition for writ relief.[1]

FACTS AND PROCEDURAL HISTORY

On October 2, 1998, the district court ordered certain criminal records pertaining to Walker sealed in accordance with Nevada law. The order encompassed drug-related charges stemming from an arrest in 1989. It is unclear whether the original charges were dismissed or whether Walker petitioned for his records to be sealed, but the district court proceeded under the theory that Walker’s records were sealed due to the dismissal of the charges in 1989.
On June 12, 2003, members of the North Las Vegas Police Department SWAT team served a search warrant. The SWAT team found Walker at the residence where the search was conducted and arrested him for drug trafficking, possession of a short-barrel shotgun, and being a convicted person in possession of a firearm. The State filed no charges related to this arrest; instead, the federal government is prosecuting Walker.
During this search, the State discovered documents indicating that Walker was involved in a prior criminal case, later sealed, which is the subject of the present litigation. The State filed a motion to unseal Walker’s criminal records for the purpose of inspection pursuant to NRS 179.295, which states in pertinent part:
2. If a person has been arrested, the charges have been dismissed and the records of the arrest have been sealed, the court may order the inspection of the records by a prosecuting attorney upon a showing that as a result of newly discov *818 ered evidence, the person has been arrested for the same or similar offense and that there is sufficient evidence reasonably to conclude that he will stand trial for the offense.
3. The court may, upon the application of a prosecuting attorney or an attorney representing a defendant in a criminal action, order an inspection of such records for the purpose of obtaining information relating to persons who were involved in the incident recorded.
The State argued that unsealing Walker’s criminal records was permissible under NRS 179.295(2) based on its belief that the records from 1989 related to controlled-substance trafficking, and Walker is now being prosecuted by the federal government for similar charges stemming from his 2003 arrest. In the alternative, the State argued that subsection 3 provides a separate, independent ground for unsealing Walker’s records.
Walker opposed the State’s motion contending that his criminal records from 1989 could not be unsealed because the State wanted to turn the information over to the U.S. Attorney’s Office to use against him for impeachment purposes at the ensuing trial related to his 2003 arrest, a wholly separate incident unrelated to the 1989 charges. Walker argued that unsealing his criminal records for such a purpose is not the proper function of NRS 179.295.
After a hearing on the motion, the district court agreed with the State’s position, concluding that Walker’s criminal records could be unsealed because he was currently being prosecuted for drug trafficking, which is a similar offense to Walker’s 1989 criminal charge, and further concluding that Walker would sustain no prejudice because the purpose of the request did not involve reopening of the 1989 charges. The district court granted the State’s motion and ordered Walker’s records unsealed. Walker filed this petition for a writ of prohibition or mandamus, and this court granted a stay of the district court’s order pending resolution of the matter.

DISCUSSION

As this court has noted, “where the records of a criminal conviction are sealed by a district court pursuant to specific statutory authority, that conviction may not be disclosed in a public proceeding such as a criminal trial absent specific statutory authority providing for such disclosure.”[2] Thus, the issue in this case is not, as the district court resolved, whether Walker would suffer prejudice by the release of his records, but rather, whether the district *819 court has the statutory authority to unseal Walker’s records in this case.

Standard of review

Writ relief is an extraordinary remedy within the sound discretion of this court.[3] A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the court’s jurisdiction.[4] A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust or station or to control an arbitrary or capricious exercise of discretion.[5] Neither writ will issue if there is a plain, speedy, and adequate remedy at law.[6] However, “where circumstances reveal urgency or strong necessity,”[7] or “‘where an important issue of law needs clarification and public policy is served by this court’s invocation of its original jurisdiction,’ ”[8] this court may consider a petition for extraordinary relief.[9]
Because statutory construction is a question of law, this court reviews the district court’s interpretation of a statute de novo, without deference to the district court’s conclusions.[10] When interpreting a statute, we first look to the statute’s plain language.[11] Whenever possible, “[sjtatutes should be given their plain meaning and ‘must be construed as a whole and not be read in a way that would render words or phrases superfluous or make a provision nugatory.’ ”[12]

*820
Interpretation of NRS 179.295(2)

Upon review of the plain language of NRS 179.295(2), we conclude that the district court misinterpreted the statute. The district court interpreted NRS 179.295(2) to allow a prosecuting attorney to unseal criminal records any time a defendant is charged with a crime that is similar to the crime involved in the sealed records. The district court determined that this was the only way to give effect to the phrase “same or similar offense.” We disagree.
NRS 179.295(2) allows a prosecuting attorney to reopen sealed criminal records related to dismissed charges upon a showing that, based on newly discovered evidence, a person has been arrested for the same or similar offense and that he will likely stand trial for the offense. NRS 179.295(2) allows the State to review the criminal records to see whether there is now sufficient evidence to bring the person to trial on the dismissed charges. The use of the phrase “similar offense” allows the State to review the records even if the newly discovered evidence shows that perhaps the person committed a slightly different crime than the one for which he was previously charged. It does not, however, permit the State to use the unsealed records against a defendant in an unconnected trial. Moreover, to allow the prosecution to use the statute as the district court suggests, i.e., any time that a defendant is charged with a similar offense, would essentially be reading the language “upon a showing that as a result of newly discovered evidence” out of the statute. The words selected by the Legislature are to be given their plain meaning, and this court is reticent to construe the words in such a way as to render them mere surplusage.[13]
Walker was charged with a drug-related crime in 1989, and the criminal records were sealed in 1998. Now, in 2003, the State wants to reopen those criminal records on the basis that Walker is being prosecuted in a federal case for, among other things, a different drug-related charge. Walker was not arrested as a result of newly discovered evidence related to the 1989 charge; instead, he was arrested on entirely new allegations based on conduct occurring in 2003. The State presented no evidence that Walker’s 2003 arrest was in any way connected to his conduct in 1989. Therefore, NRS 179.295(2) does not provide the district court with the authority to unseal Walker’s 1989 records.

*821
Interpretation of NRS 179.295(3)

The State argues, citing Yllas v. State, that NRS 179.295(3) provides a separate, independent exception that allows a district court to unseal Walker’s records in this case.[14] However, Yllas is not on point. In that case, the issue was whether the prosecution may, as the State suggested it intends to do here, use the information from a sealed record to impeach a criminal defendant at a subsequent trial. In holding that the prosecution in a criminal case may not use sealed records for such a purpose, we noted in Yllas that no request to unseal the record was made in that case.[15] Even if such a request had been made, NRS 179.295(3) does not permit the State to impeach a witness unless it is prepared to prove the conviction by producing a copy of the judgment of conviction, which it cannot do unless the record is unsealed.[16]
A plain reading of NRS 179.295(3) indicates that the court may permit a prosecuting attorney or defendant in a criminal action to inspect a sealed record for the purpose of obtaining information relating to codefendants or other persons who were involved in the case that is the subject matter of the sealed record. That section does not, as the State suggests, permit “any prosecuting attorney to apply for an inspection of [sealed] records to obtain information” that will be used against a defendant in a subsequent criminal proceeding. Moreover, a brief review of the legislative history supports our reading of the statute.[17]
Walker’s criminal records were sealed in 1998, and the State now wishes to unseal them so that the information contained in the sealed record can be used either to impeach Walker should he testify or to enhance any sentence imposed pursuant to the federal sentencing guidelines. In either case, it is the State’s intent to use the information against Walker in a subsequent and unrelated adjudicative hearing. Somewhat surprisingly, the State did not even *822 suggest that its intent is to garner information on any person involved in Walker’s original case, a purpose that may permit the inspection of a sealed criminal record under certain circumstances. We decline to permit the use of NRS 179.295(3) as the State suggests.

CONCLUSION

Because NRS 179.295 does not permit Walker’s records to be unsealed under the circumstances, we conclude that the district court manifestly abused its discretion when it ordered Walker’s criminal records unsealed. Accordingly, we grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order granting the State’s motion to unseal Walker’s criminal records.

 See Falcke v. Douglas County, 116 Nev. 583, 586, 3 P.3d 661, 662-63 (2000) (observing that this court may grant a writ petition “ ‘where an important issue of law needs clarification and public policy is served by this court’s invocation of its original jurisdiction’ ” (quoting Business Computer Rentals v. State Treas., 114 Nev. 63, 67, 953 P.2d 13, 15 (1998))).

Yllas v. State, 112 Nev. 863, 866, 920 P.2d 1003, 1005 (1996).

State v. Dist. Ct., 116 Nev. 953, 957, 11 P.3d 1209, 1211 (2000).

NRS 34.320.

NRS 34.160; see Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 603, 637 P.2d 534, 536 (1981).

NRS 34.170; NRS 34.330.

Falcke, 116 Nev. at 586, 3 P.3d at 662.

Id. at 586, 3 P.3d at 662-63 (quoting Business Computer Rentals, 114 Nev. at 67, 953 P.2d at 15).

EICON v. State Bd. of Exam’rs, 117 Nev. 249, 253, 21 P.3d 628, 630 (2001).

Salas v. Allstate Rent-A-Car, Inc., 116 Nev. 1165, 1168, 14 P3d 511, 513-14 (2000).

Id.

Mangarella v. State, 117 Nev. 130, 133, 17 P.3d 989, 991 (2001) (quoting Charlie Brown Constr. Co. v. Boulder City, 106 Nev. 497, 502, 797 P.2d 946, 949 (1990), overruled on other grounds by Calloway v. City of Reno, 116 Nev. 250, 993 P.2d 1259 (2000)).

Cf. Charlie Brown Constr. Co., 106 Nev. at 502-03, 797 P.2d at 949 (“It is elementary that statutes, or in this case municipal enactments, must be construed as a whole and not be read in a way that would render words or phrases superfluous .... And, there is a presumption that every word, phrase and provision in the enactment has meaning.”).

 112 Nev. at 866-67, 920 P.2d at 1005.

Id. at 867, 920 P.2d at 1005.

See id. (“A sealed judgment of conviction cannot support impeachment of a witness, because the witness is entitled to deny that conviction, and the proceedings leading to it ‘are deemed never to have occurred.’ ” (quoting NRS 179.285 (amended 2001))).

See Hearing on A.B. 491 Before the Senate Judiciary Comm., 56th Leg. (Nev., April 6, 1971) (comment of Grant Davis reminding the committee that S.B. 32 was amended to provide that sealed records could be opened if they pertain to codefendants and noting that A.B. 491 would be amended to incorporate the same language used).