An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CORNELIUS A. GAINES, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59892

**FILED**

MAY 30 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of sexual assault with the use of a deadly weapon, one count of battery with intent to commit sexual assault, two counts of first-degree kidnapping with the use of a deadly weapon, two counts of robbery with the use of a deadly weapon, three counts of burglary while in possession of a deadly weapon, one count of assault with a deadly weapon, one count of first-degree kidnapping of a person 60 years of age or older with the use of a deadly weapon, two counts of open or gross lewdness, one count of attempted sexual assault, and one count of robbery of a person 60 years of age or older with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

The counts against appellant Cornelius Gaines, III, arose from the commission of three separate incidents of sexual assault and robbery. Those three incidents all shared similarities including the fact that the perpetrator invaded a private home and sexually assaulted, or attempted to sexually assault, an older woman in the residence. The perpetrator also threatened the victims with a knife, bound their hands behind their backs, and demanded money. The three incidents all occurred within a one-

14-17535

month time span in the same area of Las Vegas. Gaines was arrested after detectives from the Las Vegas Metropolitan Police Department (LVMPD) observed him driving around the area where the crimes had been committed in a car that they had identified as possibly being involved in the crimes. The detectives initially pulled Gaines over for expired license plates, but after seeing certain incriminating items in plain view on the front passenger seat floor and the back seat of his car, they placed him under arrest for the expired tags. Shortly thereafter, they obtained a search warrant and found knives and black duct tape in the trunk of his car. Gaines was then charged with crimes related to the three incidents of sexual assault and robbery.

Prior to trial, Gaines filed a motion to suppress the evidence found in his car, but the district court denied the motion. Gaines also sought to sever the counts for each separate incident, but the district court again denied his request. At the conclusion of trial, the jury convicted Gaines on all counts. Gaines appeals his convictions, alleging that: (1) the district court abused its discretion in denying his motion to suppress, (2) the district court abused its discretion in denying his motion to reconsider the denial of the motion to suppress, (3) the district court abused its discretion in denying his motion to sever, (4) it was error for the district court to preclude him from offering evidence as to his brother's prior conviction and incarceration as part of his alternative perpetrator defense, and (5) cumulative error warrants reversal. Because we conclude that no error occurred in this case, we affirm the judgment of conviction.

*The district court did not abuse its discretion by denying Gaines's motion to suppress*

Gaines argues that the district court abused its discretion when it denied his motion to suppress because his arrest was unlawful. He contends that, although it was lawful for the detectives to stop him based upon the expired license plates, the detectives abused their discretion in deciding to arrest him rather than simply citing him for the traffic violation.[1]

"'Suppression issues present mixed questions of law and fact.'" *State v. Beckman*, 129 Nev. ___, ___, 305 P.3d 912, 916 (2013) (quoting *Johnson v. State*, 118 Nev. 787, 794, 59 P.3d 450, 455 (2002), *overruled on other grounds by Nunnery v. State*, 127 Nev. ___, ___, 263 P.3d 235, 250-51 (2011)). "This court reviews findings of fact for clear error, but the legal consequences of those facts involve questions of law that we review de novo." *Id.* The United States Supreme Court has held that if an officer has probable cause to believe that even a minor offense has occurred, such as a misdemeanor punishable only by a fine, then he may arrest the person without violating the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). The Court recognized, however, that

---

[1]Gaines also argues that the district court should have held an evidentiary hearing to determine the facts surrounding the search of his vehicle. However, the district court is not required to sua sponte order an evidentiary hearing when the defendant fails to identify disputed issues of fact. *Cortes v. State*, 127 Nev. ___, ___, 260 P.3d 184, 187 (2011). Gaines failed to request an evidentiary hearing and his motion to suppress did not identify factual disputes, but instead focused on a legal argument that the detectives abused their discretion to make an arrest pursuant to NRS 484A.730 and NRS 171.1771 when they arrested him. Thus, we conclude that Gaines's argument lacks merit.

states may statutorily impose stricter conditions for permitting a lawful arrest for a minor offense. *Id.* at 352. Nevada has imposed such restrictions through NRS 484A.730.

Under NRS 484A.730, aside from certain enumerated situations that mandate arrest, an officer has discretion to either arrest a person or issue a citation for a minor traffic offense. In this case, since none of the situations mandating arrest apply, the issue is whether the detectives abused their discretion by arresting Gaines for the minor traffic violation. This court addressed what constitutes an abuse of discretion by an officer under NRS 484A.730 in *State v. Bayard*, 119 Nev. 241, 71 P.3d 498 (2003).[2] In *Bayard*, this court stated that "[a]bsent special circumstances requiring immediate arrest," individuals should be cited rather than arrested for minor traffic violations. *Id.* at 247, 71 P.3d at 502. Special circumstances exist either as provided for in the statute or "when an officer has probable cause to believe other criminal misconduct is afoot." *Id.*

We conclude that the district court properly determined that the detectives did not abuse their discretion in arresting Gaines for the traffic violation because there was "probable cause to believe other criminal misconduct [was] afoot." *Id.* The detectives had initially identified the vehicle as one matching the description of a car they were looking for in conjunction with the attacks. Furthermore, the vehicle appeared to be cruising shopping centers in proximity to the area where

---

[2]The statute under review in *State v. Bayard* was NRS 484.795. 119 Nev. 241, 245-47, 71 P.3d 498, 501-02 (2003). In 2009, the Legislature amended NRS Chapter 484 and NRS 484.795 was renumbered as NRS 484A.730, but the statutory language remained materially the same.

the crimes were committed. Finally, once Gaines was stopped, the detectives observed zip ties, condom wrappers, and gloves in the car.[3] Thus, Gaines's arrest was lawful and the district court did not abuse its discretion in denying his motion to suppress.[4]

*The district court did not abuse its discretion by denying reconsideration of Gaines's motion to suppress or in denying his motion to suppress on alternate grounds*

Gaines next argues that the district court erred in denying his motion for reconsideration and motion to suppress on alternate grounds because his alternate suppression motion raised new issues.

"A district court may reconsider a previously decided issue if substantially different evidence is subsequently introduced or the decision is clearly erroneous." *Masonry & Tile Contractors Ass'n of S. Nev. v. Jolley, Urga & Wirth, Ltd.*, 113 Nev. 737, 741, 941 P.2d 486, 489 (1997). Gaines did not introduce new evidence, instead he pointed to the same set of facts discussed in his original motion to suppress. Furthermore, as we conclude in this order, the district court's decision on Gaines's motion was

---

[3]Gaines disputes the district court's factual finding that the items LVMPD Detective Gabriel Lebario saw in Gaines's car were in plain view. The district court relied upon the Declaration of Arrest in which Detective Lebario stated that he saw zip ties and condom wrappers in Gaines's vehicle when he looked through the windows. Thus, because the district court did not clearly err in finding that the items were in plain view, we will not disturb its findings. *State v. Beckman*, 129 Nev. ___, ___, 305 P.3d 912, 916 (2013).

[4]Because we determine that the detectives did not abuse their discretion in arresting Gaines for the traffic violation pursuant to NRS 484A.730, we need not address Gaines's argument that the detectives also abused their discretion in arresting him pursuant to NRS 171.1771 for the misdemeanor offense of failing to notify local law enforcement of a change in address.

not clearly erroneous, and the district court thus did not abuse its discretion in denying his motion to reconsider.

With regard to Gaines's motion to suppress on alternate grounds, EDCR 7.12 states:

> When an application or a petition for any writ or order shall have been made to a judge and . . . denied by such judge, the same application, petition or motion may not again be made to the same or another district judge, except in accordance with any applicable statute and upon the consent in writing of the judge to whom the application, petition or motion was first made.

Although Gaines premised his motion to suppress on alternative grounds on new legal theories, he sought to suppress the same evidence based on the same set of events and facts as those present in his first motion. Additionally, these theories could have been raised in the original motion. Therefore, we conclude that the district court did not abuse its discretion in denying the motion to suppress on alternate grounds.

*The district court did not abuse its discretion by denying Gaines's motion to sever*

Gaines argues that the district court abused its discretion when it denied his motion to sever counts 1-5, from counts 6-10, from counts 11-16. The district court concluded that joinder was proper under NRS 173.115 because all counts showed a common scheme or plan.

A district court's decision regarding joinder will not be overturned unless the court abused its discretion. *Zana v. State*, 125 Nev. 541, 548, 216 P.3d 244, 249 (2009). Pursuant to NRS 173.115(2), "[t]wo or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged . . . are . . . [b]ased

on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

A careful review of the record reveals that at the hearing on Gaines's motion to sever, the State presented evidence to demonstrate that the three incidents forming the basis of the charged crimes all shared significant similarities—the perpetrator invaded the private home of an elderly woman, each incident involved robbery and a sexual assault or the perpetrator asking the victim questions of a sexual nature, and each incident was proximate in location and time. Finally, all three victims were bound in a similar manner and threatened with a knife. Although Gaines contends that there were significant differences between all three of the incidents, such as how the intruder entered the home and the level of violence inflicted upon the victims, we conclude that the State sufficiently demonstrated that all three incidents were connected together as part of a common scheme or plan. *See Weber v. State*, 121 Nev. 554, 572, 119 P.3d 107, 120 (2005) (stating that "a scheme or plan can in practice reflect some flexibility and variation but still fall within an overall intended design"). Thus, we further conclude that the district court did not abuse its discretion by denying Gaines's motion to sever.

*The district court's decision to preclude Gaines from introducing evidence regarding his brother's prior conviction and incarceration was not manifestly wrong*

During trial, Gaines sought to introduce evidence that his brother Phillip Gaines had previously been convicted of robbery and was currently incarcerated. The State objected and the district court sustained the objection, concluding that the evidence was not relevant because Gaines had failed to lay the proper foundation. Gaines argues that the district court's preclusion of the evidence was an abuse of discretion

because evidence of Phillip's robbery conviction was relevant as part of his alternative-perpetrator defense to show that Phillip had motive and intent to commit the crimes. "A district court's decision to admit or exclude evidence will not be reversed on appeal unless it is manifestly wrong." *Archanian v. State*, 122 Nev. 1019, 1029, 145 P.3d 1008, 1016 (2006). "[R]elevant evidence" is any evidence that "[tends] to make the existence of any fact that is of consequence to the determination of the action more or less probable." NRS 48.015.

Gaines sought to introduce Phillip's judgment of conviction as part of his alternative-perpetrator defense, claiming that the DNA evidence implicating him could also point to Phillip. However, as the district court stated, Gaines failed to introduce any DNA evidence showing that he and Phillip were actually brothers, or that they shared similar genetic markers. Furthermore, although Gaines claimed that both he and Phillip worked in the heating and air conditioning field and used similar tools, like zip ties, no evidence was introduced on that issue. Gaines also claimed that the judgment of conviction was relevant because Phillip was incarcerated during much of the same time as Gaines. However, the record reflects that Phillip was not incarcerated until one year after Gaines's arrest, thus any argument that the crimes stopped when Phillip was incarcerated lacks merit as Phillip would have had an entire year to commit more assaults after Gaines was incarcerated. Therefore, we conclude that the district court's decision to exclude this evidence was not manifestly wrong.

*Cumulative error*

Lastly, Gaines argues that cumulative error warrants reversal because, even if all the errors alone were harmless, the cumulative effect was harmful and prejudicial. Cumulative error may deny a defendant a

fair trial even if the errors, standing alone, would be harmless. *Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008). "When evaluating a claim of cumulative error, we consider the following factors: '(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged.'" *Id.* (quoting *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000)).

After reviewing the entire record, we determine that Gaines's assignments of error are meritless and that the State established Gaines's guilt by overwhelming evidence. As a result, we conclude that Gaines's cumulative error challenge is unavailing.

Having considered Gaines's contentions and concluded that they do not warrant reversal, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Valorie J. Vega, District Judge
     Jonathan E. MacArthur
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk