132 Nev., Advance Opinion 74

# IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDRICK LEWIS BOWMAN, A/K/A
FREDERICK LEWIS BOWMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67656

**FILED**

OCT 27 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Petition for en banc reconsideration of a panel opinion in an appeal from a judgment of conviction, pursuant to a jury verdict, of trafficking in a controlled substance. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

*Petition granted; reversed and remanded.*

Ristenpart Law and Theresa A. Ristenpart, Reno,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Joseph R. Plater, Deputy District Attorney, Washoe County,
for Respondent.

---

BEFORE THE COURT EN BANC.[1]

---

[1]The Honorable Nancy M. Saitta, Justice, having retired, this matter was decided by a six-justice court.

16-33621

## OPINION

By the Court, GIBBONS, J.:

We previously issued an opinion in this matter on April 28, 2016. After respondent petitioned for en banc reconsideration, we withdrew that opinion and granted the petition for en banc reconsideration. We now issue this opinion in place of our prior opinion. On en banc reconsideration, we reach the same conclusion as in our prior opinion.

This appeal concerns (1) whether it was error for the district court to deny appellant's motion for a new trial based on juror misconduct; (2) whether it was prejudicial for the district court to fail to give a jury instruction sua sponte prohibiting jurors from conducting independent research, investigations, or experiments; and (3) whether the stock jury admonition required pursuant to NRS 175.401 fails to protect the parties' right to a fair trial. We conclude that the juror misconduct here was sufficient to warrant a new trial and that failure to give a jury instruction prohibiting jurors from conducting independent investigations or experiments constitutes a reversible error. We reverse the district court's order denying appellant's motion for a new trial and remand this matter to the district court for a new trial.

### FACTUAL AND PROCEDURAL BACKGROUND

A Washoe County Sheriff's deputy conducted an intake search of appellant Fredrick Bowman. While conducting the search, the deputy found a small white package containing methamphetamine at Bowman's feet. The State charged Bowman with a single count of trafficking in a controlled substance.

 

At trial, the State advanced a theory that Bowman hid the package in his sock or on his person and it fell to the ground during the intake search. The defense's theory of the case was that the package was carried to that location because it was stuck to the deputy's boot. Neither Bowman nor the State requested an instruction prohibiting the jury from conducting independent research, investigations, or experiments, and the district court did not give such an instruction sua sponte.

The jury deliberated for roughly three hours and requested to be released for the evening to continue deliberations the following morning. The district court judge admonished the jury pursuant to NRS 175.401, which does not include an admonishment against conducting independent research, investigations, or experiments.

That evening, two jurors individually conducted experiments testing the parties' theories of the case. Both jurors returned the following morning and participated in deliberations. The jury returned a unanimous guilty verdict. Following trial, the jurors who conducted independent experiments revealed to counsel that they relied on their independent experiments in reaching a verdict.

Bowman moved the district court to declare a mistrial and order a new trial due to juror misconduct. The district court held a hearing and determined that the deputy district attorney would have an investigator contact the jurors who conducted the independent experiments for a future evidentiary hearing regarding the prejudicial effect of their independent experiments. Additionally, the deputy district attorney drafted questions, in the form of an affidavit, for those jurors.

Both jurors confirmed in their affidavits that they conducted independent experiments and disclosed their experiments to other jurors

prior to the jury rendering a verdict. However, at the subsequent evidentiary hearing, both jurors testified, contrary to their sworn affidavits, that they only disclosed their experiments to one another during the short time period after the jury rendered a verdict but before the jury reentered the courtroom.[2]

Following the jurors' testimony, the district court denied Bowman's motion for a new trial, concluding that there was no reasonable probability that the verdict was affected by the independent experiments because the jurors who conducted the experiments did not change their votes after conducting the experiments and did not disclose them to other jurors until after a guilty verdict was reached. In this appeal, Bowman argues that (1) the district court erred in denying his motion for a new trial because the independent experiments conducted by the jurors constitute juror misconduct, and (2) the statutory admonition required pursuant to NRS 175.401 does not adequately protect a party's right to a fair trial because it does not include a warning against conducting independent investigations and experiments.

## DISCUSSION

*The district court erred in denying Bowman's motion for a new trial*

Bowman argues that the district court erred in denying his motion for a new trial because the independent experiments conducted by the jurors constituted prejudicial misconduct. We agree.

---

[2]When confronted with this inconsistency, one juror, after speaking with the deputy district attorney's investigator, realized that the information he provided in his affidavit was incorrect.

"A denial of a motion for a new trial based upon juror misconduct will be upheld absent an abuse of discretion by the district court." *Meyer v. State*, 119 Nev. 554, 561, 80 P.3d 447, 453 (2003) (citing *United States v. Saya*, 247 F.3d 929, 935 (9th Cir. 2001)). "Absent clear error, the district court's findings of fact will not be disturbed. However, where the misconduct involves allegations that the jury was exposed to extrinsic evidence in violation of the Confrontation Clause,[3] de novo review of a trial court's conclusions regarding the prejudicial effect of any misconduct is appropriate." *Id.* at 561-62, 80 P.3d at 453.

To prevail on a motion for a new trial alleging juror misconduct, "the defendant must present admissible evidence sufficient to establish: (1) the occurrence of juror misconduct, and (2) a showing that the misconduct was prejudicial." *Id.* at 563-64, 80 P.3d at 455. Thus, "[e]ven if the jurors' behavior was misconduct, not every incidence of juror misconduct requires a new trial. If it appears beyond a reasonable doubt that no prejudice occurred, a new trial is unnecessary." *Hernandez v. State*, 118 Nev. 513, 522, 50 P.3d 1100, 1107 (2002).

"Prejudice is shown whenever there is a reasonable probability or likelihood that the juror misconduct affected the verdict." *Meyer*, 119 Nev. at 564, 80 P.3d at 455. We have concluded that:

> [a juror's] exposure to extraneous information via independent research or improper experiment is . . . unlikely to raise a presumption of prejudice.

---

[3]For example, in *Zana v. State*, 125 Nev. 541, 547, 216 P.3d 244, 248 (2009), we concluded that a juror's independent Internet search that he later disclosed to other jurors constituted the use of extrinsic evidence in violation of the Confrontation Clause.

SUPREME COURT
OF
NEVADA

(O) 1947A

> In these cases, the extrinsic information must be analyzed in the context of the trial as a whole to determine if there is a reasonable probability that the information affected the verdict.

*Id.* at 565, 80 P.3d at 456. *Meyer* provides several factors to guide our determination, including:

> how the material was introduced to the jury (third-party contact, media source, independent research, etc.), the length of time it was discussed by the jury, and the timing of its introduction (beginning, shortly before verdict, after verdict, etc.). Other factors include whether the information was ambiguous, vague, or specific in content; whether it was cumulative of other evidence adduced at trial; whether it involved a material or collateral issue; or whether it involved inadmissible evidence (background of the parties, insurance, prior bad acts, etc.).

*Id.* at 566, 80 P.3d at 456. Thus, "the district court is required to objectively evaluate the effect [the extrinsic material] had on the jury and determine whether it would have influenced 'the average, hypothetical juror.'" *Zana*, 125 Nev. at 548, 216 P.3d at 248 (quoting *Meyer*, 119 Nev. at 566, 80 P.3d at 456). It is not necessary that the extrinsic material be disclosed to the jury; a single juror's exposure to extrinsic material may still influence the verdict because that juror may interject opinions during deliberations while under the influence of the extrinsic material. *See Tanksley v. State*, 113 Nev. 997, 1005, 946 P.2d 148, 152-53 (1997).

*The occurrence of juror misconduct*

The determination of juror misconduct is a "factual inquiry." *Meyer*, 119 Nev. at 566, 80 P.3d at 456. Analyzing the facts here, it is uncontested that juror misconduct occurred. Both jurors stated in their sworn affidavits that they conducted independent experiments to test the

theories of the case advanced at trial and later confirmed that they conducted the experiments prior to returning to jury deliberations. We therefore conclude that Bowman presented evidence sufficient to establish that misconduct occurred.

*Juror misconduct was prejudicial*

The determination of prejudice is a legal inquiry. *See Meyer*, 119 Nev. at 564-65, 80 P.3d at 455-56 (indicating the court decides whether there is a "reasonable probability or likelihood that the juror misconduct affected the verdict"). Applying the *Meyer* factors here, we further conclude that Bowman presented sufficient evidence to show that there is a reasonable probability that the independent experiments affected the jury's verdict and therefore fulfilled the second requirement to prevail on a motion for a new trial. Although there is some dispute as to whether and how the independent experiments were disclosed to fellow jurors, it is clear that two jurors conducted independent experiments testing two primary theories of the case and returned to participate in jury deliberations after being influenced by that extrinsic evidence. The jurors later disclosed to counsel that they relied on those experiments—either by swaying them to change their votes or by reinforcing their previously held positions before rendering a verdict. Additionally, the short length of trial, the timing of the experiments relative to the verdict, the specificity of the experiments, and the materiality of the experiments all weigh in favor of concluding that the extraneous information would have influenced the average, hypothetical juror. We therefore conclude that the misconduct here was prejudicial.

Given the totality of the circumstances here, with both the factual and legal inquiries weighing in favor of granting a new trial, we

conclude the district court abused its discretion in denying Bowman's motion for a new trial.

*The district court should have provided a jury instruction admonishing jurors against conducting independent research, investigations, and experiments*

"Failure to object to or request a jury instruction precludes appellate review, unless the error is patently prejudicial and requires the court to act sua sponte to protect the defendant's right to a fair trial." *McKenna v. State*, 114 Nev. 1044, 1052, 968 P.2d 739, 745 (1998). We conclude that the district court's failure to give a jury instruction admonishing jurors against conducting independent research, investigations, or experiments is prejudicial error requiring us to act.

Challenges to unobjected-to jury instructions are reviewed for plain error. *See Berry v. State*, 125 Nev. 265, 282-83, 212 P.3d 1085, 1097 (2009), *abrogated on other grounds by State v. Castaneda*, 126 Nev. 478, 245 P.3d 550 (2010). "The need for [an] instruction must be analyzed in light of the circumstances of the case." *Bonin v. Vasquez*, 807 F. Supp. 589, 617 (C.D. Cal. 1992) (citing *United States v. Martin*, 489 F.2d 674, 677 n.3 (9th Cir. 1973)) (concluding that a trial court's failure to give jury instructions sua sponte as to unreliability of informant testimony is not necessarily plain error requiring reversal), *aff'd sub nom. Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995).

Although the jury instructions are not in the record on appeal, the State conceded at oral argument that the jury instructions did not include an instruction prohibiting jurors from conducting independent research, investigations, or experiments. It is of paramount importance that district courts provide a clear instruction to jurors in all cases to not conduct any form of independent research, investigations, or experiments

SUPREME COURT
OF
NEVADA

(O) 1947A

8

prior to or during jury deliberations. Here, the parties advanced two primary theories of the case that could be easily tested or investigated by jurors. The results of such investigations or experiments, as demonstrated here, would have a direct impact on the verdict and the defendant's right to a fair trial. We therefore conclude that the district court's failure to give a jury instruction in this case prohibiting jurors from conducting any independent research, investigations, or experiments constituted error requiring reversal consistent with our analysis in *Meyer*. *See Meyer*, 119 Nev. at 564-66, 80 P.3d at 455-56.

We further conclude that, given the ease with which jurors may conduct independent research, investigations, and experiments, failure to give an instruction prohibiting jurors from such conduct in any civil or criminal case constitutes error. The *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit* (2010) advises district courts to include an instruction regarding the jurors' consideration of the evidence. Such an instruction should make clear that during deliberations jurors are not to: (1) communicate with anyone in any way regarding the case or its merits—either by phone, email, text, Internet, or other means; (2) read, watch, or listen to any news or media accounts or commentary about the case; (3) do any research, such as consulting dictionaries, using the Internet, or using reference materials; (4) make any investigation, test a theory of the case, re-create any aspect of the case, or in any other way investigate or learn about the case on their own. *Id.* at §§ 1.8, 2.1, 7.2.

We note that an appeal based on a district court's failure to provide such an instruction in a case where no juror misconduct occurred would likely be considered harmless error. However, providing such an

instruction in all cases will undoubtedly protect the parties' right to a fair trial and prevent jurors from unknowingly tainting the integrity of the deliberative process.

*Bowman failed to object to the statutory jury admonition at trial*

Bowman argues that the statutory jury admonition required pursuant to NRS 175.401 is insufficient and does not adequately protect the parties' right to a fair trial. Bowman failed to object to the statutory jury admonition at trial. We conclude that it was not plain error for the district court to provide the statutory jury admonition required pursuant to NRS 175.401.

"Failure to object generally precludes appellate review." *Saletta v. State*, 127 Nev. 416, 421, 254 P.3d 111, 114 (2011). However, this court has discretion to review an unpreserved error "if it [is] plain and affected the defendant's substantial rights." *Gallego v. State*, 117 Nev. 348, 365, 23 P.3d 227, 239 (2001), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011); *see* NRS 178.602. "In conducting plain error review, we must examine whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (internal quotation marks omitted). Unlike jury instructions, the statutory jury admonition does not permit judicial discretion regarding its content, and it is given at the beginning of trial, without the same context and information available when the jury instructions are given. Therefore, we conclude that no plain error occurred with regard to the content or conveyance of the statutory jury admonition required by NRS 175.401, and we therefore decline to further address this issue.

## CONCLUSION

We conclude that the district court erred in denying Bowman's motion for a new trial based on juror misconduct, which had resulted in prejudice to Bowman. Further, we conclude that where a district court's failure to provide a jury instruction prohibiting jurors from conducting independent research, investigations, or experiments of any kind results in prejudice, the failure may constitute reversible error. Therefore, we reverse and remand this case to the district court for further proceedings consistent with this opinion.

_____, J.
Gibbons

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Pickering