BENJAMIN D. JONES, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 9357

May 23, 1977                              564 P.2d 605

*Rodlin Goff,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Convicted by jury for possession of a controlled substance in violation of NRS 453.336, appellant contends the district court erred by (1) denying his pre-trial motion to compel the State to produce an informant, (2) refusing to grant a mistrial because of the State's alleged improper cross-examination of a defense witness, and (3) failing to grant a mistrial because a

portion of the habitual criminal charge contained in the information was read to the jury. We disagree.

1. Acting on an informant's tip, officers at the Nevada State Prison approached appellant's cell, observed him with his arm in the toilet bowl, and found marijuana floating in the bowl and on appellant's arm. Appellant was on trial because of these facts witnessed on the scene by the officers, not because of the prior information received. Under these circumstances and because nothing in the record discloses the informer might have been a material witness on the issue of guilt, the district court properly denied appellant's motion to compel the production of the informant. Miller v. State, 86 Nev. 503, 471 P.2d 213 (1970); Adams v. State, 81 Nev. 524, 407 P.2d 169 (1965).

2. Appellant next contends the district court should have granted him a mistrial because the State asked a defense witness on cross-examination whether the witness had been convicted of a felony (robbery) and was not prepared to prove such conviction in the event of a negative answer. While it is permissible to impeach a witness by evidence of a criminal conviction, NRS 50.095(1),[1] we do not condone the use of cross-examination as a subterfuge to blacken a witness's character by insinuating criminal convictions which cannot be proved. *See State* v. Gustafson, 432 P.2d 323 (Ore. 1967); Anno., 3 A.L.R.3d 965 (1965). Here the witness fully explained the circumstances of the alleged conviction, and the record indicates there was justification for the State's belief that the witness had been convicted of the crime. In light of these facts and because the witness admitted two other felony convictions, we find no reversible error. *See* State v. Thompson, 516 P.2d 42 (Ariz. 1973).

3. Finally, appellant contends we must reverse his conviction because a small portion of the habitual criminal charge contained in the information was inadvertently read to the jury by the district court clerk, contrary to the mandate of NRS

---

[1]NRS 50.095(1) provides:
"1. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted."

207.010(5).[2] Here, the appellant exercised his 5th Amendment right and elected not to be a witness in his own behalf. Any material error with respect to the reading of the criminal charge would militate against a defendant's right to silence. The statute precludes any reference to the habitual charge during the trial of the primary offense. A review of the prior offenses makes it clear why appellant may have determined not to take the stand. The statute speaks in terms of "charge," and although there was reference to "habitual criminal" made by the court clerk, none of the convictions were alluded to. Had they been, prejudicial error may have occurred. *See* Fritz v. State, 86 Nev. 655, 474 P.2d 377 (1970). Because the evidence of appellant's guilt is overwhelming, and since the jury knew of his status as a felon from the fact that his present offense occurred in the Nevada State Prison, we deem the error harmless. Coffman v. State, 93 Nev. 32, 559 P.2d 828 (1977); Hendee v. State, 92 Nev. 669, 557 P.2d 275 (1976).

Affirmed.

---

[2]NRS 207.010(5) provides:

"5. In proceedings under this section, each previous conviction shall be alleged in the accusatory pleading charging the primary offense, but no such conviction may be alluded to on trial of the primary offense, nor may any allegation of such conviction be read in the presence of a jury trying such offense."