DONN G. D. BALIOTIS D/B/A CENTRAL BUREAU INVESTIGATION, Appellant, *v.* CLARK COUNTY, A POLITICAL SUB-DIVISION OF THE STATE OF NEVADA; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; CLARK COUNTY COMMISSIONERS, MANUEL CORTEZ, THALIA DONDERO, KAREN HAYES, R. J. RONZONE, WOODROW WILSON, AND BRUCE WOODBURY, IN THEIR CAPACITY AS COMMISSIONERS; BRIAN McKAY, ATTORNEY GENERAL OF THE STATE OF NEVADA, RESPONDENTS.

No. 16408

December 15, 1986                                729 P.2d 1338

*Keith E. Galliher, Jr.*, Las Vegas, for Appellant.

*Robert Miller*, District Attorney, *S. Mahlon Edwards*, Deputy District Attorney, Clark County, for Respondents.

## OPINION

*Per Curiam:*

This appeal involves the court-ordered sealing of arrest and conviction records of appellant and the legal impact of that

sealing. Appellant, a former felon, received a private investigator's license from the State of Nevada. Thereafter, appellant applied to Clark County for a private detective's license. The County referred the matter to Las Vegas Metropolitan Police Department (Metro) for an investigation of character, reputation and integrity as required by Clark County Code 6.52.060. Metro made an unfavorable recommendation based, in part, on arrests and convictions which had previously been sealed by court order in accordance with NRS 179.245.[1] Appellant refused to furnish any information on the sealed items, including the orders themselves.

Prior to the license application hearing, appellant filed a declaratory action in district court. The members of the Clark County Commission moved to dismiss, and the district court granted the motion. Appellant appealed that dismissal to this court, case No. 15966, but we dismissed that appeal as premature. Metro then filed a counterclaim for declaratory relief, and both appellant and Metro moved for summary judgment. The district court granted summary judgment in favor of Metro, thereby prompting this appeal by Baliotis. For reasons hereinafter specified, we affirm.

After appellant applied for a private detective's license and after Metro concluded a background investigation, Metro submitted an unfavorable recommendation to Clark County. A copy of the grounds for that recommendation was delivered to appellant. Those grounds state, in part:

> 1. Clark County Code 6.52.070 states that a convicted felon cannot be issued a private detective's license. Mr. Baliotis has been convicted of a felony.

---

[1]The statute reads, in pertinent part, as follows:

1. A person who has been convicted of:
(a) Any felony may, after 15 years from the date of his conviction or, if he is imprisoned, from the date of his release from actual custody . . . petition the court in which the conviction was obtained for the sealing of all records relating to the conviction.

. . . .

3. If after hearing the court finds that, in the period prescribed in subsection 1, the petitioner has not been arrested, except for minor moving or standing traffic violations, the court may order sealed all records of the conviction which are in the custody of the court, of another court in the State of Nevada or of a public or private agency, company or official in the State of Nevada, and may also order all such criminal identification records of the petitioner returned to the file of the court where the proceeding was commenced from, but not limited to, the Federal Bureau of Investigation, the California identification and investigation bureau, sheriff's offices and all other law enforcement agencies reasonably known by either the petitioner or the court to have possession of such records.

2. The applicant will not furnish a copy of the court order(s) sealing his arrests. Therefore, we are unable to make a determination as to his character, reputation, and integrity as required by Clark County Code 6.52.070.

Appellant contends that it was improper for Metro to require him to reveal events relating to arrests and convictions that were sealed pursuant to NRS 179.245. Appellant's argument mischaracterizes Metro's position and misperceives the purpose and effect of the sealing statute.

As far as the record reveals, Metro had an independent awareness of appellant's criminal background. Indeed, a record of one felony conviction against Baliotis is indelibly etched on the pages of the Nevada and Pacific reporters as State v. Baliotis, 98 Nev. 176, 643 P.2d 1223 (1982). Metro was under a statutory mandate, Clark County Code 6.52.060, to investigate and report on the character, reputation and integrity of the applicant. Metro could hardly disregard its existing knowledge of appellant's criminal background in evaluating appellant's character. Although appellant's criminal records had been sealed, Metro was under an obligation to satisfy itself that former criminal associations and activities were, indeed, past history. However, Baliotis elected to stand on his privilege under the sealing statute not to disclose details of his criminal record, thereby frustrating Metro's efforts to determine objectively the current fitness of Mr. Baliotis to be licensed as a private investigator.

This leads us to the purpose and effect of Nevada's sealing statute. Limited resort to reports of legislative committee hearings is appropriate to clarify or interpret legislation that is of doubtful import or effect. Maynard v. Johnson, 2 Nev. 25 (1866). In the instant case, the legislative history surrounding NRS 179.245-.301 indicates that the sealing statute was enacted to remove ex-convicts' criminal records from public scrutiny and to allow convicted persons to lawfully advise prospective employers that they have had no criminal arrests and convictions with respect to the sealed events. *See* Hearing on A.B. 491 before the Assembly Judiciary Comm., 56th Sess. (1971) p. 254; Hearing on A.B. 491 before the Senate Judiciary Comm., 56th Sess. (1971) vol. 2, p. 221. There is no indication that the statute was intended to require prospective employers or licensing authorities to disregard information concerning an applicant that is known independently of the sealed records. As cogently observed in an opinion involving a similar statute, Bahr v. Statesman Journal Co., 624 P.2d 664, 666 (Or.Ct.App. 1981):

The statute was enacted to enhance employment and other opportunities for such formerly convicted persons. It was intended to remove the stigma associated with the conviction of a crime and to give those individuals another chance, so to speak, unencumbered by that stigma. The statute does not, however, impose any duty on members of the public who are aware of the conviction to pretend that it does not exist. In other words, the statute authorizes certain persons to misrepresent their own past. It does not make that representation true.

The net effect of Nevada's sealing statute, except as to gaming matters, is a legal dispensation that regards criminal events itemized in the sealed record as if they had never occurred. The statute thus confers a substantial benefit on convicted persons who may appropriately disavow involvement with the criminal justice system. It is clear, however, that such authorized disavowals cannot erase history. Nor can they force persons who are aware of an individual's criminal record to disregard independent facts known to them.

We are thus faced with the unalterable fact that Baliotis has been convicted of a felony and that section 6.52.070 of the Clark County Code prohibits the issuance of a private investigator's license to persons who have been convicted of felony crimes. We do not doubt, however, that state or county licensing officials could, at their discretion, lawfully issue a license (in this instance, a private investigator's license) to former felons whose crimes have been sealed pursuant to the laws and public policy of the State of Nevada. To conclude otherwise would attribute an illegal purpose or effect to Nevada's sealing statute. However, it is one thing to recognize and give effect to the benefits that inhere in the sealing statute; it is quite another to suppose that the statute can force licensing authorities to simply disregard independent knowledge of criminal behavior.

The foregoing analysis requires us to affirm the decision below. It is clear, however, that Baliotis may nevertheless proceed with his licensing hearing before the Clark County Commission. He may stand on his rights under the sealing statute and risk a summary rejection by the Commission, or he may elect to provide Metro with detailed information concerning all aspects of his past and present behavior, thereby providing the Commission a complete foundation upon which to base a responsible and enlightened decision.

For the foregoing reasons, we affirm the judgment of the district court granting Metro's motion for summary judgment.