*864
 
 OPINION
 

 Per Curiam:
 

 This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of trafficking in a controlled substance. The district court sentenced appellant Marcos Antonio Yllas to serve ten years in the Nevada State Prison on each count, to be served concurrently, and to pay $500 in restitution and a $50,000 fine for each count. Appellant contends that he was denied a fair trial because the district court permitted the state to impeach a defense witness with evidence of a prior conviction that had been sealed. We agree.
 

 During October and November of 1990, after a confidential informant introduced appellant to an undercover police officer, appellant sold a little more than twelve grams of cocaine to the officer on each of two separate occasions. In addition, appellant and the officer discussed the sale of a kilogram of cocaine for $28,000, with another kilogram to follow, but could not agree on a location for the transaction. On December 4, 1990, police officers forcibly entered appellant’s apartment. No one was home, but while they were waiting for a search warrant to be drafted, Maria Rodriguez, appellant’s live-in girlfriend, arrived.
 
 *865
 
 Rodriguez told the officers that she lived there and gave them permission to search the apartment. Appellant’s son translated the officers’ request into Spanish for Rodriguez, and Rodriguez signed a standard, English consent form. The search revealed a small scale, plastic bags, a white powdery material, and other items, but no controlled substances.
 

 Appellant was tried on two counts of trafficking in a controlled substance based on appellant’s sale of cocaine to the officer. Defense counsel called Rodriguez as a witness at appellant’s trial. Rodriguez testified that she and appellant had lived together for over twenty years, and that she had never seen drugs in the apartment, nor the scale, the plastic bags, or the other seized items.
 

 At appellant’s trial, the prosecutor, outside the presence of the jury, requested permission from the district court to impeach Rodriguez with a prior felony conviction. Defense counsel objected on the ground that the conviction had been sealed.
 
 See
 
 NRS 453.3365.
 
 [1]
 
 The district court overruled the objection and permitted impeachment. When the jury returned, Rodriguez, upon questioning by the prosecutor, admitted to entering a guilty plea in 1980 to one count of possession of marijuana. The sentence for this offense was suspended and the records of the conviction were sealed pursuant to NRS 453.3365 upon her successful completion of probation.
 

 The state argues that it was entitled to impeach the witness because NRS 50.095, the statute addressing impeachment of witnesses with prior convictions, does not prohibit impeachment with sealed convictions. NRS 50.095 does not, however, authorize such impeachment. NRS 179.285, on the other hand, provides that save certain exceptions not applicable here, if a record is sealed under NRS 453.3365 “all proceedings recounted in the record are deemed never to have occurred, and the person to whom it pertains may properly answer accordingly to any inquiry concerning the arrest, conviction or acquittal and the events and proceedings relating to the arrest, conviction or acquittal.” More
 
 *866
 
 over, “the court may not order the inspection of the records under any other circumstances” than upon the petition of the person who is the subject of the record and certain narrow exceptions. NRS 179.295(1).
 
 [2]
 

 The state argues that impeachment of Rodriguez was proper because the state did not thereby violate her civil rights, citing State v. Bock, 328 P.2d 1065 (Idaho 1958).
 
 Bock
 
 is not on point, because the records of the prior conviction in
 
 Bock
 
 were not sealed. We conclude that where the records of a criminal conviction are sealed by a district court pursuant to specific statutory authority, that conviction may not be disclosed in a public proceeding such as a criminal trial absent specific statutory authority providing for such disclosure. The state has not cited any statutory provision authorizing unsealing, admission into evidence, or other disclosure or use of Rodriguez’s sealed conviction in the proceeding below, and our research has disclosed no such provision.
 

 The state points out that it could have discovered the prior conviction under NRS 179.295(3), which provides that “[t]he court may, upon the application of a district attorney or an attorney representing a defendant in a criminal action, order an inspection of such records for the purpose of obtaining information relating to persons who were involved in the incident recorded.” No such request was made, and this section does not relate to impeachment of witnesses with prior convictions.
 

 The state also argues that impeachment with the sealed conviction was proper under Baliotis v. Clark County, 102 Nev. 568, 729 P.2d 1338 (1986), because the state possessed independent records of the witness’s conviction. In
 
 Baliotis,
 
 this court stated that the Las Vegas Metropolitan Police Department could withhold its approval of an application for a private detective’s license based on a felony conviction, even though the records of that conviction had been sealed under NRS 179.245.
 
 Baliotis,
 
 102 Nev. at 570, 729 P.2d at 1340. This court explained that “[tjhere is no indication that the statute was intended to require prospective employers or licensing authorities to disregard information concerning an applicant that is known independently of the sealed records.”
 
 Id.
 

 [3]
 

 
 *867
 
 This court specifically has held, however, that the state may not ask the defendant or a defense witness a question about a prior felony conviction if the state is unprepared to prove the prior conviction with a copy of the judgment of conviction if the conviction is denied.
 
 See
 
 Tomarchio v. State, 99 Nev. 572, 577-78, 665 P.2d 804, 808 (1983). This court recently affirmed that rule, holding that while the defense may question a prosecution witness regarding a prior felony conviction if the defense has a reasonable belief that the conviction exists, the prosecution must have a copy of the judgment of conviction to impeach a defense witness. Corbin v. State, 111 Nev. 378, 892 P.2d 580 (1995). Such a conviction is best proved by a certified copy of the judgment.
 
 See
 
 NRS 50.095(6) (a certified copy of a judgment of conviction is prima facie evidence of the conviction). A sealed judgment of conviction cannot support impeachment of a witness, because the witness is entitled to deny that conviction, and the proceedings leading to it “are deemed never to have occurred.” NRS 179.285. The existence of an independent record of a sealed conviction does not legitimate use of that conviction to impeach a witness in a court of law. We conclude that the district court erred in allowing the state to question Rodriguez concerning her prior conviction.
 

 The state further argues that even if questioning Rodriguez concerning the sealed conviction was improper, it was harmless error. In Jones v. State, 93 Nev. 287, 289, 564 P.2d 605, 607 (1977), this court concluded that the state’s questioning of a defense witness about a prior felony conviction while unprepared to prove that conviction was harmless error because the state had justification for believing that the witness had been convicted of the crime, the witness was able to explain the circumstances of the conviction, and the witness admitted to having two other felony convictions.
 

 Jones
 
 was decided, however, prior to this court’s bright line holding in
 
 Tomarchio
 
 that the state must be prepared to prove a defense witness’s prior felony conviction with a copy of the judgment of conviction. Further, the witness in
 
 Jones
 
 had two other felony convictions, so there was little likelihood of prejudice from the third. In this case, aside from an undercover police officer, Rodriguez was the only witness appellant called at trial. As appellant’s companion of twenty years and the only real defense witness, Rodriguez’s testimony and credibility were crucial to appellant’s defense. Revelation of her sealed conviction
 
 *868
 
 for a drug offense was devastating to her credibility regarding appellant’s involvement with drugs.
 
 See Tomarchio, 99
 
 Nev. at 578, 665 P.2d at 808. Further, due to her poor command of the English language, Rodriguez was unable to adequately explain the circumstances of her conviction. Under these circumstances, improper impeachment of the only real defense witness at appellant’s trial cannot be considered harmless beyond a reasonable doubt.
 
 See
 
 Smith v. State, 111 Nev. 499, 503-04, 894 P.2d 974, 976-77 (1995); Big Pond v. State, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985). Accordingly, we reverse the judgment of conviction, and we remand this matter to the district court for a new trial.
 
 [4]
 

 [1]
 

 NRS 453.3365 provides in pertinent part:
 

 1. Three years after a person is convicted and sentenced pursuant to subsection 3 of NRS 453.336, the court may order sealed all documents, papers and exhibits in that person’s record, minute book entries and entries on dockets, and other documents relating to the case in the custody of such other agencies and officers as are named in the court’s order, if the:
 

 (a) Person fulfills the terms and conditions imposed by the court and the parole and probation officer; and
 

 (b) Court, after a hearing, is satisfied that the person is rehabilitated.
 

 [2]
 

 The exceptions involve newly discovered evidence, gaming control board investigations, and sexual offenses. NRS 179.295(2), NRS 179.301.
 

 [3]
 

 Where conviction records have been sealed under NRS 453.3365, professional licensing authorities are entitled to consider sealed convictions for the purpose of determining suitability for a license or liability to discipline. NRS 453.3365(4).
 

 [4]
 

 Appellant’s remaining contention, that he was denied his right to trial within sixty days of arraignment, lacks merit because appellant himself requested two continuances and, being incarcerated on other charges, could not show any prejudice by the delay in going to trial.
 
 See
 
 Browning v. State, 104 Nev. 269, 757 P.2d 351 (1988); Berry v. Sheriff, 93 Nev. 557, 571 P.2d 109 (1977). Although we have not granted appellant permission to file documents in proper person in this matter, we have reviewed appellant’s proper person motions to amend judgment of conviction to correct clerical mistake and to expedite resolution of this appeal. In view of our decision herein, we deny as moot appellant’s proper person motions.