**UNITED STATES of America**

v.

**Elizabeth PICHARDO, Defendant.**

**00 Cr. 875**

United States District Court,
S.D. New York.

Signed August 1, 2016

Bret R. Williams, Assistant United States Attorney, Mary Jo White, United States Attorney, New York, NY, for United States of America.

MEMORANDUM ORDER

JED S. RAKOFF, United States District Judge.

On May 11, 2016, defendant Elizabeth Pichardo, by counsel, moved for expungement of her 2001 conviction for bank fraud. *See* Defendant Elizabeth Pichardo's Motion for Expungement ("Def. Br."), Dkt. 18. Pichardo argued that the consequences of her conviction record, specifically her recent unemployment and her need to support her son, warranted expungement of her conviction record by this Court. *See id.* On June 6, 2016, the Government opposed Pichardo's motion on the grounds that the Court lacks jurisdiction over such a motion to expunge a conviction record and that, even if the Court could exercise jurisdiction, Pichardo's circumstances are insufficiently extreme to merit expungement of her conviction. *See* Memorandum of Law of the United States of America in Opposition to Pichardo's Motion to Expunge Her Criminal Conviction ("Gov. Br."), Dkt. 19. On June 15, 2016, Pichardo filed a reply. *See* Defendant's Reply in Further Support of Motion to Expunge Criminal Conviction ("Def. Reply Br."), Dkt. 22. Having carefully considered these submissions, the Court, for the reasons stated below, denies defendant Pichardo's motion to expunge her conviction.

By way of background, on November 21, 2000, Pichardo pled guilty to bank fraud in violation of 18 U.S.C. § 1344. Pichardo's plea was based on actions she took as an employee of French Bank BNP Paribas. While working for BNP in New York, Pichardo forged signatures on checks and made unauthorized withdrawals from HSBC and Citibank accounts that belonged to a BNP client. *See* Plea Transcript, Dkt. 13, at 13-15. On March 21, 2001, the Court sentenced Pichardo to four months of imprisonment and four months of in-home confinement, five years' supervised release, and $49,944.88 in restitution,

which she has paid in full. *See* Judgment, Dkt. 14. At sentencing, Pichardo's attorney objected to the Probation Office's recommendation that, as a condition of her supervised release, Pichardo notify Morgan Stanley (her employer at the time) of her conviction. *See* Def. Br., Ex. D (Sentencing Transcript), at 22. The Court opted to delete this condition. *Id.* at 26. Accordingly, Pichardo continued to work at Morgan Stanley following her conviction. However, on January 7, 2016, Morgan Stanley, in a letter that made no mention of Pichardo's by-then fifteen-year-old conviction, informed Pichardo that her position was being eliminated effective April 6, 2016. *See* Def. Br., Ex. B.

In support of Pichardo's current motion for expungement, Pichardo states that she has applied for at least three jobs, ranging from full-time employment positions with pay comparable to that of her previous job to part-time roles, but she has failed to secure a position. *See* Def. Reply Br. at 3-4. In each case, the employer to which she applied cited her conviction as the reason for rejecting her application. *See id.*, Ex. A-C. Pichardo further notes that she is a single mother raising a child and that this entails considerable expense. *See* Def. Br. at 3, 8.

One cannot help but be sympathetic to Ms. Pichardo's plight. But the Court confronts at the threshold the question of whether the Court has jurisdiction to consider an expungement motion in a case that has already been closed following entry of judgment. Shortly before his lamentable retirement from the judiciary, Judge Gleeson of the Eastern District of New York found that he did have "ancillary jurisdiction over applications for orders expunging conviction." *Doe v. United States*, 110 F.Supp.3d 448, 454 (E.D.N.Y.2015). *Doe* in turn premised its exercise of jurisdiction on *United States v. Schnitzer*, 567 F.2d 536 (2d Cir.1977), in which the Sec-

ond Circuit held that a district court had jurisdiction over a motion to expunge an arrest record based on a false arrest. *See id.* at 539. Notably, Judge Gleeson in *Doe* found that he had jurisdiction over a motion to expunge a criminal record that was valid, as distinct from a conviction based, for instance, on inaccurate factual findings or false evidence. *See Doe*, 110 F.Supp.3d at 454, n. 16.

In opposition to Pichardo's motion, the Government argues that a district court is precluded from exercising such ancillary jurisdiction as a consequence of the Supreme Court's decision in *Kokkonen v. Guardian Life Inc. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). *See* Gov. Br. at 3. In *Kokkonen*, a civil case, the Supreme Court limited federal district courts' ancillary jurisdiction—*i.e.*, "jurisdiction over some matters (otherwise beyond [the court's] competence) that are incidental to other matters properly before [the court]"—to instances where such jurisdiction is necessary "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," and "(2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 378–80, 114 S.Ct. 1673. Further, *Kokkonen* stated that such ancillary jurisdiction is to be exercised only when doing so is "essential to the conduct of federal-court business." *Id.* at 381, 114 S.Ct. 1673.

The Second Circuit has not yet directly addressed the issue of how or whether *Kokkonen* affects the holding of *Schnitzer*, although the issue is now on appeal. *See Doe v. United States*, App. Dkt. 15-1967. This Court finds that in the absence of a definitive ruling from the Second Circuit stating that *Schnitzer* can no longer be applied to expungement of convictions (in

light of *Kokkonen*, or for any other reason), the Court may properly exercise jurisdiction over Pichardo's motion, but only in very limited circumstances discussed below.

■ To understand this result, one must first recognize that, unlike some state courts that have been given the expungement power by state legislation that explicitly confers such power,[1] "no constitutional provision or federal statute grants federal courts the power to expunge a valid criminal conviction on equitable grounds." *United States v. Burzynski*, 2016 WL 1604491, at *1 (W.D.N.Y. Apr. 22, 2016).

Inherent in *Schnitzer* is the recognition that a Court nonetheless retains the power to invalidate an order or judgment that the Court entered in a case previously before the Court that the Court now knows to be entirely inaccurate and wrong—such as the false arrest record in *Schnitzer*. Aside from *Doe*, virtually all the federal cases granting expungement involve similarly limited circumstances of that kind, i.e., orders now known to have been imposed in plain violation of the facts or the law. *See, e.g.*, *Menard v. Saxbe*, 498 F.2d 1017, 1023 (D.C.Cir.1974) (granting an expungement motion on the grounds that "retention of [defendant's] record violate[d] the Fourth and Fifth Amendments of the Constitution, subject[ed] him to harsh penalties without being accorded due process of law, denie[d] him the equal protection of the laws, and violate[d] his rights to privacy"); *United States v. McLeod*, 385 F.2d 734, 741 (5th Cir.1967) (ordering the expungement of records of convictions obtained for the unconstitutional purpose of "interfering

with [black Texans'] right to vote"); *Kowall v. United States*, 53 F.R.D. 211 (W.D.Mich.1971) (ordering the expungement of a conviction based on a statute later deemed unconstitutional).

■ Without attempting to catalogue every situation that might involve unlawful circumstances of this kind, it is difficult for this Court to imagine circumstances warranting the exercise of this limited expungement power when no constitutional issue is implicated or when the legality or factual validity of the conviction has not been called into question. Although the Court, if it had a general equitable power to order expungement, would probably expunge Ms. Pichardo's conviction, nothing about her unfortunate circumstances comes near to this standard. There was nothing factually or legally wrongful about her conviction, however regrettable its collateral consequences may be. *See, e.g.*, *Slansky v. White*, 1996 WL 312401, at *2 (S.D.N.Y. June 10, 1996) ("[T]he potential adverse effect on future employment provides insufficient justification, *per se*, for the expungement of [an] arrest record.").

Accordingly, the Court hereby denies Pichardo's motion to expunge her bank fraud conviction.

SO ORDERED.

---

1. *See, e.g., State v. Frangul*, 110 Nev. 46, 867 P.2d 397, 399 (1994) ("[Nevada's] statute was enacted to remove ex-convicts' criminal records from public scrutiny and to allow convicted persons to lawfully advise prospective employers that they have had no criminal arrests and convictions with respect to the sealed events."); *In re D.P.*, 2016 WL 3042561, at *1 (N.J.Super.Ct.App.Div. May 31, 2016) ("Expungement is not a right guaranteed by constitutional or common law; it is purely the product of legislation, and [courts are] limited to the terms of the statute.").