135 Nev., Advance Opinion 63

# IN THE COURT OF APPEALS OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF EDWARD TARROBAGO FINLEY, FOR AN ORDER TO SEAL RECORDS. | No. 76715-COA |
| EDWARD TARROBAGO FINLEY, Appellant, vs. CITY OF HENDERSON; AND THE STATE OF NEVADA, Respondents. | **FILED** DEC 26 2019 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a district court order denying a petition to seal criminal records. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

*Reversed and remanded.*

The Wright Law Group and John Henry Wright and Christopher B. Phillips, Las Vegas, for Appellant.

Steven B. Wolfson, District Attorney, and John T. Niman, Deputy District Attorney, Clark County, for Respondent State of Nevada.

Nicholas Vaskov, City Attorney, and Marc M. Schifalacqua, Senior Assistant City Attorney, Henderson, for Respondent City of Henderson.

19-5711

BEFORE GIBBONS, C.J., TAO and BULLA, JJ.

*OPINION*[1]

By the Court, TAO, J.:

As an act of grace, the Nevada Legislature has decided that persons convicted of certain types of crimes (both misdemeanors and many felonies) may, in certain circumstances and if they have not committed any new crimes for a certain length of time, ask the judiciary to have their convictions "sealed," which means that the convictions are "deemed never to have occurred," thereby restoring a panoply of civil rights that convicted felons otherwise do not enjoy. *See* NRS 179.285. Not all convictions are eligible to be sealed—for example, sex offenses and crimes against children are never eligible to be sealed no matter how old the convictions. *See* NRS 179.245(6). But for many other offenses, if the person has proven able to successfully turn their life around and live crime-free long enough, the Legislature has enacted a series of statutes designed to give courts the power to seal convictions for those deemed "rehabilitated" and who deserve "second chances." *See* NRS 179.2405 (declaring the public policy behind sealing statutes).

Iterations of these criminal record sealing statutes have been around a long time, but in recent years the Legislature has changed the procedures that must be followed to obtain such sealing. Previously, petitioners had to file a separate petition in each court in which they were

---

[1]We originally resolved this appeal in an unpublished order of reversal and remand. Appellant subsequently filed a motion to publish the order as an opinion. We grant the motion and replace our earlier order with this opinion. *See* NRAP 36(f).

convicted of any crime, and that court could seal only the convictions that it issued. If the person was convicted of different crimes in different levels of the judiciary (e.g., municipal court, justice court, or district court), then they had to file separate petitions in each court to address the convictions issued by that court. But recently the Legislature decided to permit a convicted person to file a single consolidated petition in a single district court asking to seal convictions involving multiple cases from different courts.

The question raised by this appeal is this: on the one hand, criminal convictions are eligible to be sealed only if the person was not convicted of any subsequent crimes for a certain prescribed period of time thereafter (ranging from one year to ten years after the expiration of the prior sentence), *see* NRS 179.245 (1), (5); and on the other hand, once sealed, a conviction is "deemed never to have occurred," *see* NRS 179.285. Normally, an earlier conviction followed very quickly by another conviction renders the first conviction ineligible for sealing. But suppose enough time elapses so that the latest conviction is eligible to be sealed. Once that later conviction is sealed and "deemed never to have occurred," does that then make an earlier conviction eligible to also be sealed (since it is no longer chronologically followed by another later conviction), even though it would not have been eligible prior to sealing the later conviction? And can entire chains of otherwise ineligible successive convictions now all be sealed by unwinding the convictions one after another in reverse chronological order all the way back in time to the person's first conviction?

The plain words of the statutes provide our answer: as enacted, the statutes vest district courts with considerable discretion in handling petitions involving multiple convictions. If they wish, district courts may evaluate successive convictions in reverse chronological order, thereby

Court of Appeals
of
Nevada

(O) 1947B

potentially sealing earlier convictions that would not have been eligible had the court instead considered the convictions in forward chronological order (i.e., by deeming the later convictions to have never occurred). On the other hand, the statutes do not require that district courts handle a train of multiple successive convictions this way. Quite to the contrary, NRS 179.295 "does not prohibit" courts from considering previously sealed convictions when determining whether to grant a petition to seal other criminal records. In other words, even if a later conviction has been sealed, the district court may still consider it in deciding whether earlier convictions should be sealed or not, and may rely upon the later sealed conviction to conclude that the petitioner was not truly rehabilitated and refuse to seal the earlier conviction.

## FACTUAL AND PROCEDURAL HISTORY

Edward Tarrobago Finley filed a consolidated petition in district court to seal records associated with multiple different criminal convictions in multiple different courts throughout Clark County. The State of Nevada (through the Clark County District Attorney) and the City of Henderson (the City) opposed Finley's petition on various grounds, only one of which matters to this appeal. The City argued that one of Finley's convictions, a 2004 non-felony battery domestic violence conviction, was ineligible to be sealed because Finley was convicted of new felony offenses within the seven-year time period specified in NRS 179.245(1)(e) for him to remain crime-free in order to have the 2004 non-felony conviction sealed.

Following a brief hearing, the district court issued a written order denying Finley's petition. The district court concluded that, because Finley was convicted of new crimes within the seven-year waiting period required to invoke the district court's discretion to seal a non-felony battery domestic violence conviction, the 2004 conviction was ineligible for sealing.

The district court further concluded that Finley had not satisfied the requisite waiting periods for the new offenses and therefore also failed to invoke the court's discretion to seal those convictions. Finley now appeals.

## ANALYSIS

On appeal, Finley primarily argues that the district court's interpretation of the governing statutes[2] produced an absurd result and rendered a particular statute (NRS 179.2595) meaningless. Specifically, he argues that the district court should have considered whether he was eligible to have his records sealed by considering each of his convictions individually in reverse chronological order (i.e., it should have started with his most recent conviction, determined whether to seal that record, and if so, proceeded to evaluate the next most recent conviction). Finley argues that this is so because under NRS 179.285, once a record is sealed, all proceedings recounted in that record are deemed never to have occurred, meaning that a district court working in reverse chronological order could

---

[2]Some of the relevant statutes in this case—NRS 179.245, .2595, .285, and .295—were recently amended. *See* 2019 Nev. Stat., ch. 77, § 2, at 411; 2019 Nev. Stat., ch. 256, §§ 1.5, 1.7, at 1460-61; 2019 Nev. Stat., ch. 633, §§ 37, 40-41, at 4405, 4408-09. We cite the current versions herein. We note—and the State concedes—that the district court applied the incorrect version of NRS 179.245 when considering Finley's petition as to his felony convictions; it applied the 2015 version of the statute even though the Legislature amended it in 2017 in a manner that impacts whether Finley was eligible to petition to have certain records sealed, *see* 2017 Nev. Stat., ch. 378, § 7, at 2413 (decreasing the waiting period for crimes of violence from 15 years to 10 years), and Finley filed his petition in 2018. The district court concluded that, because Finley was not discharged from probation for his December 2004 felonies until December 2007, he was not entitled to petition to have those records sealed until December 2022 (15 years later). However, Finley filed his petition following the requisite 10-year period, and thus, the district court should have considered—and must consider on remand—whether to seal Finley's December 2004 felonies.

not consider those proceedings (if sealed) when determining whether a petitioner is eligible to have an earlier record sealed. Finley argues that he could have achieved this result by incrementally filing multiple petitions in each separate court in which he was convicted in reverse chronological order, and that the district court's failure to consider his convictions in that order defeated the purpose of NRS 179.2595, which allows petitioners to file, in one district court, one omnibus petition for all of the records they want sealed.

Because resolving this issue requires interpreting Nevada's criminal record sealing statutes, and because the parties overlooked part of the statutory scheme, we take this opportunity to clarify the statutes and the broad discretion that they provide courts tasked with deciding whether to seal criminal records.

*Standard of review*

This court generally reviews a district court's decision whether to seal criminal records for an abuse of discretion. *See State v. Cavaricci*, 108 Nev. 411, 412, 834 P.2d 406, 407 (1992). However, we review a district court's interpretation of statutes de novo. *State, Dep't of Motor Vehicles & Pub. Safety v. Frangul*, 110 Nev. 46, 48-51, 867 P.2d 397, 398-400 (1994) (interpreting criminal record sealing statutes). When interpreting a statute, we will not look beyond its plain language if it is "clear on its face." *Pawlik v. Deng*, 134 Nev. 83, 85, 412 P.3d 68, 71 (2018) (quotation marks omitted). Moreover, when possible, we must interpret a statute in harmony with other statutes "to avoid unreasonable or absurd results." *We the People Nev. v. Miller*, 124 Nev. 874, 881, 192 P.3d 1166, 1171 (2008). "If a statute is ambiguous, meaning that it is susceptible to differing reasonable interpretations, [it] should be construed consistently with what reason and public policy would indicate the Legislature intended." *Star Ins. Co. v.*

*Neighbors*, 122 Nev. 773, 776, 138 P.3d 507, 510 (2006) (quotation marks omitted).

*Nevada's criminal record sealing statutes*

The Nevada Legislature has expressly "declare[d] that the public policy of this State is to favor the giving of second chances to offenders who are rehabilitated and the sealing of the records of such persons in accordance with NRS 179.2405 to 179.301, inclusive." NRS 179.2405. In implementing its stated policy, the Legislature crafted a statute that distinguishes between a petitioner's "eligibility" to seek sealing and the district court's "discretion" to decide whether to seal or not. The process involves multiple steps. A court must first determine whether a petitioner statutorily qualifies to file a petition seeking sealing. If so, it then must consider whether the particular convictions targeted by the petition are statutorily eligible to be sealed. Only if both of these are met does the district court then proceed to the final step, which is to exercise its discretion to decide whether sealing is appropriate. In no instance does the statute ever require any court to seal any conviction; under the statute, a court always possesses the discretion to refuse to seal any conviction even when it is eligible to be sealed. It all works as follows.

The first test of eligibility is timeliness: a petition must be timely and not premature. A petitioner may only file a petition to seal a particular conviction if a certain number of years has passed from the date of his or her release from actual custody, the date of his or her discharge from parole or probation, or the date when he or she is no longer under a suspended sentence, whichever occurs latest. NRS 179.245(1). The statute sets forth different waiting periods depending upon the class or severity of the crime, with category A felonies and certain violent crimes being assigned the longest period (ten years), and certain non-violent

misdemeanors being assigned the shortest period (as short as one year). *Id.* NRS 179.245(6) also identifies certain types of crimes that are never eligible for sealing no matter how much time has passed, including such crimes as sexual assault, DUI involving death, and crimes against children. As relevant to Finley, an individual convicted of non-felony battery constituting domestic violence must wait seven years. NRS 179.245(1)(e). If not enough time has elapsed, then the person is not eligible to request that the conviction be sealed, and the inquiry ends there and the petition must be dismissed.

If enough time has elapsed and the petition is timely, then the eligibility inquiry proceeds to the next step. NRS 179.245(2) sets forth the contents that a petitioner must include in the petition. The petitioner must include his or her "current, verified records received from the Central Repository for Nevada Records of Criminal History." NRS 179.245(2)(a). The petitioner must also include a list of entities or other custodians of records that he or she reasonably knows to possess records of the conviction he or she is seeking to have sealed, as well as information that "accurately and completely identifies the records to be sealed," including the petitioner's date of birth, the specific conviction to which the records sought to be sealed pertain, and the date of arrest for that specific conviction. NRS 179.245(2)(c)-(d).

NRS 179.245(3) and (4) then require that the court notify the law enforcement agency that arrested the petitioner for the relevant crime, as well as the attorneys that prosecuted the petitioner (including the Attorney General). The prosecuting attorney may stipulate to the sealing of the records, in which case the court may seal the records pursuant to NRS 179.245(5) without a hearing. NRS 179.245(4). If the prosecuting entity

does not stipulate to the petition, then the court "must" conduct a hearing on the matter. *Id.* At the hearing, the court analyzes the contents of the petition and examines the relevant convictions in order to determine whether or not the petitioner was subsequently convicted of another offense within the prescribed waiting period that would disqualify a conviction from being sealed. NRS 179.245(5). If the court finds that the person was convicted of other crimes (other than minor moving or standing traffic violations) within the waiting period, a conviction cannot be sealed; it fails the test of eligibility. *See id.*; *Cavaricci*, 108 Nev. at 412, 834 P.2d at 407 (concluding that a petitioner had "failed to invoke the district court's discretionary power [to order a record sealed]" where he failed to satisfy the relevant waiting period in a prior version of NRS 179.245).

If, and only if, no such subsequent convictions occurred during the waiting period, then the discretionary phase of the analysis kicks in, and "the court may order sealed all records of the [corresponding] conviction." NRS 179.245(5). It is not, however, required to. If the court exercises its discretion to order a record sealed,

> [a]ll proceedings recounted in the record are *deemed never to have occurred*, and the person to whom the order pertains may properly answer accordingly to any inquiry, including, without limitation, an inquiry relating to an application for employment, concerning the arrest, conviction, dismissal or acquittal and the events and proceedings relating to the arrest, conviction, dismissal or acquittal.

NRS 179.285(1)(a) (emphasis added).

Finally, as relevant here, "[i]f a person wishes to have more than one record sealed and would otherwise need to file a petition in more than one court," that person may instead "file a petition in district court for

the sealing of all such records." NRS 179.2595(1). This includes "records in the justice or municipal courts." NRS 179.2595(2).

These are the procedures set forth in the statutes for determining whether a court may seal a conviction. The next question at stake in this appeal relates to the legal consequences that follow once a conviction is sealed.

*Nevada courts have discretion to consider sealed convictions for purposes of determining whether a prior conviction is eligible to be sealed*

Finley argues that, if his most recent conviction was sealed, that sealing would make his earlier convictions eligible for sealing, and the district court should then unroll his prior convictions in reverse chronological order all the way to the beginning of his criminal record. But Finley overstates the legal effect of sealing.

The Nevada Supreme Court has remarked that, once a record is sealed, "all proceedings in the record and all events and proceedings relating to the [conviction] are deemed never to have occurred." *Frangul*, 110 Nev. at 51, 867 P.2d at 399 (quotation marks omitted). This applies to the sealing process itself. *See* NRS 179.245(7) (providing that if the court grants a petition to seal records pursuant to that section, it may also seal "all records of the civil proceeding in which the records were sealed"). Moreover, the court has held that the purpose of Nevada's record-sealing statutes is "to remove ex-convicts' criminal records from public scrutiny and to allow convicted persons to lawfully advise prospective employers that they have had no criminal arrests and convictions with respect to the sealed events." *Baliotis v. Clark Cty.*, 102 Nev. 568, 570, 729 P.2d 1338, 1340 (1986); *see also Zana v. State*, 125 Nev. 541, 545, 216 P.3d 244, 247 (2009) ("[S]ealing orders are intended to permit individuals previously involved

with the criminal justice system to pursue law-abiding citizenship unencumbered by records of past transgressions.").

But this principle is not quite as broad as it may appear. For example, the court has held that it applies only to events related to criminal proceedings, not to the underlying conduct giving rise to the proceedings or separate civil proceedings stemming from that conduct.[3] *See Frangul*, 110 Nev. at 50-51, 867 P.2d at 399-400. "[The sealing statute] erases an individual's involvement with the criminal justice system of record, not his actual conduct and certainly not his conduct's effect on others." *Zana*, 125 Nev. at 546, 216 P.3d at 247. In *Baliotis*, the court noted that "[t]here is no indication that the statute[s] w[ere] intended to require prospective employers or licensing authorities to disregard information concerning an applicant that is known independently of the sealed records." 102 Nev. at 570, 729 P.2d at 1340. Accordingly, the court held that "persons who are aware of an individual's criminal record" are not required "to disregard independent facts known to them," even if the individual is otherwise authorized to disavow those facts. *Id.* at 571, 729 P.2d at 1340. However, where proof of the conviction itself is at issue—at least in the context of impeaching a witness at trial with a prior conviction—the court concluded that a sealed conviction is deemed never to have occurred and thus will not suffice as proof of that conviction, even though the State may still possess

---

[3]Finley argues that the statute should be construed in his favor under the rule of lenity, but the rule of lenity is "a rule of construction that demands that ambiguities in criminal statutes be liberally interpreted in the accused's favor." *State v. Lucero*, 127 Nev. 92, 99, 249 P.3d 1226, 1230 (2011) (alterations and internal quotation marks omitted). A petition to seal records is a civil proceeding, not a criminal prosecution, and furthermore the statutes are not ambiguous so no rule of construction is needed to interpret them.

independent records of it. *Yllas v. State*, 112 Nev. 863, 866-67, 920 P.2d 1003, 1005 (1996).

Here, Finley argues that his most recent conviction may be sealed because the requisite amount of time has passed. He then contends that once that conviction is sealed, it is deemed never to have occurred, and thus a district court may not consider that conviction when determining whether another previous conviction may also be sealed. He argues that once the latest conviction is sealed, that makes the preceding conviction eligible to be sealed even if it otherwise would not have been subject to sealing because of the later conviction. From there, he contends that once that later conviction is sealed, that makes the next preceding one eligible to be sealed, and so on, and so on, backwards in time. Finley avers that he could have effectuated this process by filing a petition to seal in each court in which he was convicted going back in time so that he could one-by-one remove each conviction from the next court's consideration of whether he was eligible to file a petition to seal.

Though seemingly logical, the flaw in Finley's argument lies in a portion of the statute that neither he nor the other parties cited either below or on appeal to this court. NRS 179.295 generally governs the extent to which courts may permit the inspection of sealed records in certain circumstances. NRS 179.295(4) states that "[t]his section does not prohibit a court from considering a conviction for which records have been sealed pursuant to ... [NRS] 179.245 ... [or] 179.2595 ... in determining whether to grant a [criminal record sealing] petition ... for a conviction of another offense." Thus, this statute clarifies that even though a conviction is normally deemed nonexistent for most purposes once sealed, the court can still consider it for purposes of determining whether other previous

convictions may be sealed. In other words, the sealing of the latest conviction in time does not necessarily render a previous conviction eligible to be sealed just because the latest conviction has been removed from the record. Because NRS 179.295(4) utilizes discretionary language (i.e., the court is "not prohibit[ed]" from considering a sealed conviction), a court may use the sealing of a later conviction in order to seal an earlier conviction, but it is not required to do so.

Consequently, a court possesses discretion to use the sealing of later convictions in order to go backwards in time and seal prior convictions that otherwise could not have been eligible to be sealed, but it may also exercise its discretion to refuse to seal prior convictions based upon convictions it just sealed. This discretion is emphasized in two different places in the statutory scheme: in NRS 179.295(4), which permits ("does not prohibit") a court to consider a sealed conviction in order to determine whether another conviction is subject to sealing; and also in NRS 179.245(5), under which even "[i]f the court finds" there are no convictions within the applicable period, including other convictions that may have been sealed, the court "may" (or may not) order the conviction sealed. Accordingly, a court may do what Finley wants, which is to unroll and seal every conviction in reverse chronological order all the way back to the first conviction, or it may choose not to do so by exercising the discretion granted under either statute, or both.

We therefore conclude the district court erred by finding that all of Finley's convictions were ineligible to be sealed, and we reverse and remand this matter to the district court to conduct the analysis set forth above. It appears from the existing record that Finley satisfied the requisite waiting periods to file a sealing petition with respect to all of the listed

convictions, as more than ten years have passed since the relevant date of release from those convictions, and Finley might not have been convicted of any offense following his release from probation for his most recent convictions, including his 2004 battery domestic violence conviction (with one significant caveat).[4] They thus appear eligible for sealing. If the district court finds this to be true as a factual matter, the district court must then consider whether to exercise its discretion to seal Finley's most recent convictions. Should the district court determine that sealing is warranted for those convictions, it may then exercise its discretion whether or not to consider those sealed convictions when determining whether Finley has satisfied the requisite waiting periods for other prior convictions.

## CONCLUSION

Because the parties did not cite all of the proper statutes governing Finley's petition and the district court did not apply all of the controlling statutes, the court incorrectly concluded that all of Finley's convictions were ineligible for sealing. Accordingly, we

---

[4]In its briefing, the City suggests for the first time on appeal that Finley was convicted of offenses in other states during the requisite waiting periods, thereby rendering some of his convictions ineligible for sealing regardless of what happens to his latest conviction in Nevada. Because these were mentioned for the first time on appeal, nothing about them appears in the record below and the district court never considered them. Whether those convictions were accurately described or not presents a factual question that we cannot resolve on appeal, and thus the district court must resolve those factual issues in the first instance on remand and determine the extent to which the out-of-state events might affect the disposition of Finley's petition. *See Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299-301, 279 P.3d 166, 172-73 (2012) (noting that "[a]n appellate court is not particularly well-suited to make factual determinations in the first instance" and remanding for an evidentiary hearing before the district court).

reverse the district court's order denying Finley's petition and remand for further proceedings consistent with this opinion.

_____, J.
Tao

We concur:

_____, C.J.
Gibbons

_____, J.
Bulla