THE STATE OF NEVADA, Appellant, v. DAVID CHARLES CAVARICCI, Respondent.

No. 22534

July 2, 1992                                        834 P.2d 406

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney and *James Tufteland,* Deputy District Attorney, Clark County, for Appellant.

*Vincent Savarese, III,* Las Vegas, for Respondent.

## OPINION[1]

*Per Curiam:*

This appeal is from an order of the district court granting respondent's petition to seal portions of his criminal record and ordering the requested portions sealed. Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

On February 12, 1991, respondent David Charles Cavaricci filed in the district court a petition to seal his criminal record with respect to three 1984 convictions and several subsequent arrests during 1987-90 which did not result in convictions. The state opposed the petition. Following a hearing, on July 8, 1991, the district court issued an order granting the petition and ordering the requested portions of respondent's criminal record sealed. This appeal followed.

The state first contends that the district court improperly sealed respondent's criminal record with regard to his convictions. We agree. The district court did not have the discretion to grant respondent's petition with regard to respondent's convictions. Pursuant to NRS 179.245(3), the district court has discretion to grant or deny a petition filed pursuant to NRS 179.245(1)(d) only if the petitioner has been arrested for nothing greater than minor traffic violations during the five years succeeding the petitioner's most recent misdemeanor conviction. In this case, a review of respondent's criminal record reveals at least seven incidents since 1984 resulting in numerous charges, including multiple DUI arrests, resisting arrest, resisting a police officer, battery with use of a deadly weapon and possession of a controlled substance. These do not qualify as "minor traffic violations" under the statute. Consequently, respondent failed to invoke the district court's discretionary power under NRS 179.245(3).

The state next contends that the district court abused its discretion in sealing the portions of respondent's record in which the charges were dismissed, never filed or not prosecuted. We agree. Although respondent was entitled to file a petition pursuant to NRS 179.255(1), we have determined that the district court abused its discretion in sealing those portions of respondent's

---

[1]In an unpublished Order of Remand, this court previously vacated the district court's order and remanded this matter for entry of an order denying respondent's petition to seal portions of his criminal record. Pursuant to a request, we have determined that our decision should be issued in a published opinion. Accordingly, we issue this opinion in place of our Order of Remand filed May 13, 1992.

criminal record pursuant to NRS 179.255(3). Respondent has an arrest record dating back to 1984 and since then has been arrested on average once or twice a year. Although many of respondent's arrests appear to be related to drunk driving, he has also been arrested for more serious crimes including drug crimes and crimes involving violence. He has convictions dated 1984, 1987, 1988, 1989 and 1990. As revealed by his record of arrests and convictions, respondent is simply not the type of person upon whom the judiciary will confer such a substantial benefit as the sealing of his criminal records. Consequently, the district court abused its discretion in sealing the requested portions of respondent's record which did not result in convictions.

Accordingly, we vacate the district court's order granting respondent's petition to seal portions of his criminal record and ordering those portions sealed, and we remand this matter for entry of an order denying respondent's petition.