An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PETITION
OF CLYDE H. MEANS,

CLYDE H. MEANS
Appellant,

No. 63241

**FILED**

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from district court orders resolving a petition to seal criminal records. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

In the action below, appellant filed a petition under NRS 179.255(1)(a) (allowing individuals to petition to have records, related to criminal charges that are dismissed or for which they are acquitted, sealed) seeking to seal criminal records related to his arrest for child abuse, neglect, and endangerment because he was ultimately not charged with these crimes.[1] After the district court denied the petition under NRS 179.245(5)(a) (prohibiting the sealing of criminal records relating to a conviction of a crime against a child), because the court mistakenly concluded that appellant had pleaded guilty to these crimes, appellant moved for reconsideration. In denying the motion for reconsideration, the district court corrected its previous error but nonetheless refused to

---

[1]Appellant was, however, charged with sexual assault stemming from the same arrest and ultimately pleaded guilty to one count of attempted sexual assault.

14-15627

reverse its prior decision, finding instead that appellant was "not the type of person" who should receive the "substantial benefit" of having his criminal records sealed due to his other arrests and convictions. In making this determination, the district court relied on this court's decision in *State v. Cavaricci*, 108 Nev. 411, 413, 834 P.2d 406, 408 (1992) (holding that the district court abused its discretion in sealing criminal records due to petitioner's criminal history). This appeal followed.

After reviewing appellant's arguments and the record on appeal, we conclude that the district court did not abuse its discretion in refusing to seal the criminal records at issue here. *See id.* at 412-13, 834 P.2d at 408 (reviewing a district court decision to seal criminal records in accordance with NRS 179.255 for an abuse of discretion). To the extent that appellant argues that there was no proof of his arrest, that contention is meritless because his petition in the district court, signed under penalty of perjury, stated as much and because the documentation attached to the petition further demonstrated that appellant was, in fact, arrested for child abuse, neglect and endangerment. Similarly, appellant's argument that the district court should have granted the petition as unopposed is also without merit, as there was no opposing party to the petition and the prosecuting attorney merely had the option, but was not required, to present evidence and testimony in response to such a petition. *See* NRS 179.255(4) (stating that after receiving notice of the petition from the court, the prosecuting attorney "may testify and present evidence" regarding the petition).

Appellant also argues that the district court improperly determined that he would not receive a substantial benefit from having his records sealed. In making this argument, however, appellant

misconstrues the district court's order, as the district court actually stated that appellant was not the type of person who should receive such a substantial benefit based on his criminal record, not that he would not receive a benefit if the records were sealed.[2]

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jerry A. Wiese, District Judge
       Clyde H. Means
       Eighth District Court Clerk

---

[2]We have reviewed appellant's remaining arguments and conclude that they lack merit.

