This appeal challenges a district court order denying a petition to seal records. Eighth Judicial District Court, Clark County; Rob Bare, Judge.
Appellant Deborah Geck petitioned the district court to seal her criminal records, contending she was eligible for such relief under NRS 179.245 and NRS 179.255. Respondent, the Clark County District Attorney, agreed that Geck's record was statutorily eligible for sealing and informed the district court that it had "no objection to the granting of the Petition to seal the criminal record(s) of the petitioner." Despite this, the district court denied Geck's petition. In so doing, the district court relied on State v . Cavaricci , 108 Nev. 411, 834 P.2d 406 (1992), finding that "the nature of the subject incidents, the fact that the events are relatively recent, and the extent of Petitioner's criminal history" indicate that "the Petitioner is not the type of person upon whom the judiciary will confer such a substantial benefit as the sealing of her criminal records." We review the district court's decision for an abuse of discretion. Id. at 412-13, 834 P.2d at 407-08.
NRS 179.245(1) permits a person to petition the court for the sealing of all records for certain enumerated convictions after a specified period of time. NRS 179.255 governs the sealing of a record of dismissal and allows for a petition requesting the sealing of records of a dismissed charge any time after the dismissal date so long as the statute of limitations has expired, eight years from the time of arrest has passed, or there is a stipulation to seal. Enacted in 2017, NRS 179.2445 establishes a rebuttable presumption that records should be sealed "if the applicant satisfies all statutory requirements." 2017 Nev. Stat., ch. 378, § 4, at 2411.
Geck argues that the district court erred by failing to apply NRS 179.2445 's rebuttable presumption in favor of sealing records and that the district court should be required to seal the records where no evidence rebutted the presumption. Although the State suggests the district court must have considered the rebuttable presumption, the record is not so clear. Geck's petition and proposed order did not mention it. The district court's written order also does not mention the rebuttable presumption. And there apparently was no hearing on the petition, likely because it was uncontested. On this record, we are constrained to agree with Geck that the district court did not consider whether the rebuttable presumption applied. The failure to consider controlling authority is an abuse of discretion. See Davis v. Ewalefo , 131 Nev. 445, 450, 352 P.3d 1139, 1142 (2015) ("Although this court reviews a district court's discretionary determinations deferentially, deference is not owed to legal error, or to findings so conclusory they may mask legal error." (internal citations omitted)). We must therefore reverse and remand so that the district court can consider whether the presumption in NRS 179.2445(1) applies and, if so, whether it has been rebutted.[1]
In light of the foregoing we,
ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

Geck also argues that the criminal history she submitted with her petition is not accurate. The record does not show that Geck argued this to the district court and we decline to address it in the first instance. See Ryans Eocpress Transp. Servs., Inc . v. Amador Stage Lines , Inc ., 128 Nev. 289, 299, 279 P.3d 166, 172 (2012) ("An appellate court is not particularly well-suited to make factual determinations in the first instance."). The parties also did not address below or adequately brief on appeal the extent to which the circumstances considered in Cavaricci remain relevant in determining whether NRS 179.2445(1) 's presumption has been rebutted. See generally Hearing on AB 327 Before the Assembly Comm, on Corrections, Parole, and Probation, 79th Sess., at 45 (Nev., April 4, 2017) (comment by Mike Palzes, Staff Attorney, Nevada Legal Services, indicating that inclusion of the presumption "would not abrogate [Cavaricci ]"). We therefore express no opinion on that question.