136 Nev., Advance Opinion 75

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PETITION OF MICHAEL LORENZO ARAGON.

No. 79638

MICHAEL LORENZO ARAGON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

**FILED**

DEC 03 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

Appeal from a district court order denying a petition to seal criminal records. Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge.

*Reversed and remanded with instructions.*

The Draskovich Law Group and Robert M. Draskovich, Las Vegas, for Appellant.

Steven B. Wolfson, District Attorney, Clark County, for Respondent.

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

*OPINION*

By the Court, CADISH, J.:

In this appeal we consider whether the district court abused its discretion in denying appellant Michael Lorenzo Aragon's petition to seal

his criminal records stemming from a guilty plea to open or gross lewdness, a gross misdemeanor. The district court denied Aragon's petition, concluding that the underlying offense related to a crime against a child, and thus the records could not be sealed under NRS 179.245(6) (2017)[1] (providing that records of crimes against a child or sexual offenses are not sealable). We hold that the district court abused its discretion in denying Aragon's petition, as misdemeanor open or gross lewdness is not an offense for which the records cannot be sealed. Therefore, Aragon is entitled to the presumption in favor of sealing criminal records under NRS 179.2445. Because no interested person provided evidence to rebut the presumption, we reverse the district court's order and remand with instructions for the district court to order Aragon's criminal records sealed.

## FACTS AND PROCEDURAL HISTORY

Several years ago, the State charged Aragon, via information, with felony sexually motivated coercion of a minor. Aragon entered into a guilty plea agreement with respondent the State of Nevada. Under the plea agreement, Aragon agreed to plead guilty to the charged offense, and the State agreed that upon Aragon's successful completion of probation, Aragon could withdraw that guilty plea and enter a plea of guilty to gross misdemeanor open or gross lewdness instead. Aragon did so, and three years later the State thus charged Aragon, via information, with gross misdemeanor open or gross lewdness, and Aragon entered a plea of guilty.

---

[1]When Aragon filed his petition to seal his criminal record, the 2017 version of NRS 179.245 was controlling. The Legislature subsequently amended NRS 179.245, 2019 Nev. Stat., ch. 633, § 37, at 4405, which became effective on July 1, 2020.

Three years later, Aragon filed a petition to seal his criminal records. The State agreed that the records were eligible for sealing and did not object to the petition. But the district court declined to grant the petition, concluding that the offense was a crime against a child under NRS 179.245(6)(a) and the records therefore were not sealable.

## DISCUSSION

We review a district court's decision to grant or deny a petition to seal a criminal record for an abuse of discretion. *State v. Cavaricci*, 108 Nev. 411, 412, 834 P.2d 406, 407 (1992). "While review for abuse of discretion is ordinarily deferential, deference is not owed to legal error." *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010). Whether the district court committed legal error here turns on the proper construction of NRS 179.245. "We review issues of statutory construction de novo." *Leven v. Frey*, 123 Nev. 399, 402, 168 P.3d 712, 714 (2007). When a statute's language is plain and unambiguous, we will apply the statute's plain language. *Id.* at 403, 168 P.3d at 715.

NRS 179.245 provides the process that a convicted person may use to seal his or her criminal records. If a convicted person meets all the statutory requirements under NRS 179.245, then he or she is entitled to a rebuttable presumption in favor of sealing the criminal records. NRS 179.2445(1). However, NRS 179.245(6)(a) and (b), respectively, specifically preclude individuals convicted of "[a] crime against a child" or "[a] sexual offense" from filing a petition to seal his or her criminal records "relating to [such] a conviction." As relevant here, "crime against a child" is defined as:

> 1. Kidnapping pursuant to NRS 200.310 to 200.340, inclusive, unless the offender is the parent or guardian of the victim.

2. False imprisonment pursuant to NRS 200.460, unless the offender is the parent or guardian of the victim.

3. Involuntary servitude of a child pursuant to NRS 200.4631, unless the offender is the parent or guardian of the victim.

4. An offense involving sex trafficking pursuant to subsection 2 of NRS 201.300 or prostitution pursuant to NRS 201.320.

5. An attempt to commit an offense listed in this section.

. . . .

NRS 179D.0357 (2013).

Aragon was convicted of the crime of gross misdemeanor open or gross lewdness. This offense is not expressly listed as a "[c]rime against a child" under NRS 179D.0357. Had the Legislature intended to preclude the sealing of criminal records relating to a gross misdemeanor open or gross lewdness conviction, it would have expressly done so by including it in this list of convictions that a defendant may not petition to seal. *See Coast Hotels & Casinos, Inc. v. Nev. State Labor Comm'n*, 117 Nev. 835, 841, 34 P.3d 546, 550 (2001) (observing that we "construe statutes to give meaning to all of their parts and language, . . . read[ing] each sentence, phrase, and word to render it meaningful within the context of the purpose of the legislation"); *Galloway v. Truesdell*, 83 Nev. 13, 26, 422 P.2d 237, 246 (1967) (recognizing that, in interpreting statutes, we have consistently applied the rule that "the expression of one thing is the exclusion of another"). With the Legislature having defined a "crime against a child" for purposes of this statute, the court may not independently evaluate the facts to make its own decision about whether the conviction relates to a "crime

against a child," but instead must look to the crimes identified in the statute as being precluded from record sealing. Because Aragon's offense is not included in the list of offenses ineligible for record sealing under NRS 179.245(6)(a), we hold that under the statute's plain language, the district court abused its discretion by finding that Aragon did not meet the statutory requirements for sealing and was not entitled to a rebuttable presumption that his records should be sealed pursuant to NRS 179.2445(1).[2]

Considering that the State did not attempt to rebut the presumption and instead stipulated that Aragon met the statutory requirements to seal his records,[3] and that no other person presented any evidence in rebuttal, the presumption in favor of sealing his criminal records applies and was not rebutted. *See Law Offices of Barry Levinson, P.C. v. Milko*, 124 Nev. 355, 366, 184 P.3d 378, 386 (2008) ("In general,

---

[2]Although the district court's decision was based on the conclusion that the conviction constituted a crime against a child, the court orally expressed concern that the records could also be precluded from sealing as relating to a sexual offense. Like the description of "crime against a child," "sexual offense" is defined in a limited manner for purposes of sealing records under NRS 179.245. *See* NRS 179.245(8)(b). While records relating to convictions on *felony* open and gross lewdness charges may not be sealed under that definition, records pertaining to misdemeanor open and gross lewdness convictions are not listed as precluded and thus may be sealed. We also note that the original crime Aragon pleaded guilty to, felony sexually motivated coercion of a minor, is also not listed as a "[c]rime against a child" under NRS 179D.0357 or as a "[s]exual offense" under NRS 179.245(8)(b).

[3]We note that the State did not file an answering brief or otherwise oppose Aragon's appeal.

rebuttable presumptions require the party against whom the presumption applies to disprove the presumed fact."). Accordingly, we reverse the district court's order and remand the matter with instructions that the district court grant Aragon's petition to seal his criminal records.

_____, J.
Cadish

We concur:

_____, J.
Parraguirre

_____, J.
Hardesty

SUPREME COURT
OF
NEVADA

(O) 1947A